■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK MATOS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Potoker, J.), rendered February 26, 1981, convicting him of murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by reducing the conviction of assault in the first degree to assault in the second degree, and vacating the sentence imposed thereon. As modified, judgment affirmed and matter remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

This case involves the holdup of a Brooklyn social club during which one person was killed and another was injured by a gunshot wound to the leg. As police arrived at the scene, numerous bystanders, presumably patrons of the club, shouted, "he killed him" and "he's one of them, he shot him", referring to defendant. Two police officers were permitted to testify, over objection, that they heard those statements, and thereafter placed defendant under arrest.

It may well be that the brutal circumstances of this crime were such as would "reasonably justify the conclusion that the remarks were not made under the impetus of studied reflection" (*People v Edwards,* 47 NY2d 493, 497) and should, therefore, be admissible as spontaneous declarations. The spontaneous declaration exception to the hearsay rule applies to remarks made by bystanders, as well as participants (*People v Caviness,* 38 NY2d 227). Here, little time elapsed between the event and the statements, and there is no reason to believe the hearsay declarants may have fabricated their statements (cf. *People v Marks,* 6 NY2d 67, cert den 362 US 912; *People v Sostre,* 70 AD2d 40, affd 51 NY2d 958). However, there was no proof of who those declarants were, much less whether they had "adequate opportunity to observe the event" (*People v Caviness, supra,* p 232). Accordingly, it was error to permit such testimony. However, since

proof of defendant's guilt was overwhelming there is no reasonable probability the error affected the outcome of the trial, and we therefore deem it to be harmless (*People v Crimmins,* 36 NY2d 230).

However, the judgment must be modified because the People failed to adduce legally sufficient evidence to support the conviction of assault in the first degree. The victim of the gunshot wound did not testify. The record of his three-day hospitalization was received in evidence, but failed to establish that the wound created a substantial risk of death or that the wound caused a protracted impairment of the victim's health, a protracted disfigurement, or a protracted loss or impairment of the function of a bodily organ (Penal Law, §§ 10.00, subd 10; 120.10, subd 4). Since there is no dispute that the victim suffered a physical injury (Penal Law, § 10.00, subd 9), we reduce the conviction to assault in the second degree (Penal Law, § 120.05, subd 6). Titone, J. P., Mangano, Weinstein and Brown, JJ., concur.