Thompson, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN ESPINAL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Potoker, J.), rendered April 21, 1983, convicting him of robbery in the first degree (four counts), robbery in the second degree (three counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although the defendant was the subject of two suggestive pretrial identification procedures, the trial court properly permitted the complainants to identify the defendant at trial as there were clearly independent bases therefor. Furthermore, a review of the record indicates that the evidence amply supports the jury's verdict. The defendant was identified by both complainants who testified that the defendant and another man robbed them at gunpoint. The accuracy of this identification presented an issue for the jury's resolution (see, People v Batts, 111 AD2d 761; People v Dukes, 97 AD2d 445), as did any issues which involved assessments of the witnesses' credibility (see, People v Bauer, 113 AD2d 543; People v Accoo, 126 AD2d 730).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL FLOWERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered December 20, 1984, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence at trial fully supports the defendant's conviction of the crime charged beyond a reasonable doubt. Any impairment in the complainant's ability to observe and remember his assailant was before the jury, which resolved the issue against the defendant, and there is no reason to disturb their verdict.

We also find that the testimony to the effect that the complainant stated to the first persons who came to his aid that he was robbed was properly admitted as an excited utterance (see, e.g., People v Edwards, 47 NY2d 493, 498). Contrary to the defendant's contention that the complainant's

injuries were not of the type that would still his reflective faculties or prevent his opportunity for deliberation, the complainant had been struck in the face with a golf club and had two ribs broken. It appears that help arrived promptly, and that at the time the complainant made the utterance he was still in a great deal of pain. The circumstances of this case do not suggest either the time or ability for reflection necessary for fabrication. Further, as the jury could not reach a verdict on the robbery count, the defendant suffered no prejudice from the admission of this evidence.

Neither was the defendant prejudiced by the admission of the hearsay statement of a bystander with respect to the assault. As the bystander was unknown, the admission of the evidence was error *(People v Matos,* 107 AD2d 823). However, the error was harmless as the assault was overwhelmingly established by other proper evidence and testimony.

The defendant's contention concerning the trial court's charge is unpreserved for our review. Niehoff, J. P., Lawrence, Weinstein and Sullivan, JJ., concur.