■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ADAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered September 7, 1988, convicting him of rape in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Several weeks after the alleged act of sexual intercourse, the 14-year-old complainant reported the incident to the police. At their request, she telephoned the defendant. During the ensuing recorded conversation, the complainant falsely alleged that the defendant had given her venereal disease during the act of sexual intercourse. The defendant, while neither expressly denying or admitting that the act took place, denied that the complainant could have contracted venereal disease from him, stating, inter alia, that he had just been tested for this type of disease and was found not to have it. Therefore, the defendant asserted on the tape that he could not have transmitted venereal disease to the complainant.

We find no merit to the defendant's contention that the tape of this conversation should not have been admitted into evidence and played for the jury. In their conversation, the complainant asserted that the defendant had had sexual relations with her. This was not denied by the defendant, even though, under the circumstances, he would naturally be expected to deny the complainant's allegation, if it were not in fact true (see, People v Kennedy, 164 NY 449; People v Egan, 78 AD2d 34; Richardson, Evidence § 222 [Prince 10th ed]; cf., People v Harold, 125 AD2d 491). Indeed, rather than deny the complainant's assertion, the defendant tacitly acknowledged, throughout the course of the conversation, that he did indeed have sexual intercourse with the complainant. Under these circumstances, the tape of the defendant's statement constituted an admission that could properly be considered by the jury (see, People v Harris, 122 AD2d 891).

The defendant additionally contends that the complainant's account of the incident should not have been believed by the jury, asserting, inter alia, that the complainant's life-style during the period in question makes her testimony incredible as a matter of law. However, resolution of issues of credibility,

as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's other contentions are either without merit or are unpreserved for appellate review, and we decline to review them in the exercise of our interest of justice jurisdiction. Brown, J. P., Lawrence, Rubin and Kooper, JJ., concur.