■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK BENANTI, Appellant.—

The defendant contends that he was denied his Sixth Amendment right of confrontation and deprived of due pro-

cess when the trial court admitted into evidence his codefendant's statement which inculpated him in the crimes charged. He further argues that the error cannot be deemed harmless and requires reversal of his judgment of conviction. We disagree. "[W]here a nontestifying codefendant's confession incriminating the defendant is not directly admissible against the defendant * * * the Confrontation Clause bars its admission at their joint trial" *(Cruz v New York,* 481 US 186, 193). Here, the challenged statement made by the codefendant, "Come on, let's go. We have three other people we have to kill", was properly admitted into evidence. The hearing court correctly found that the defendant's failure to respond to this statement, under the circumstances in which it was made, constituted an admission by silence of his involvement in the killing of Ruben Morales, which had just occurred. The evidence adduced at the pretrial suppression hearing shows that when the codefendant made this statement, he was standing directly in front of the eyewitness while the defendant was standing right behind her. The codefendant was not yelling, but neither was he speaking in a quiet voice. There was nothing to prevent the defendant from responding to the statement *(cf., People v Kennedy,* 164 NY 449, 456). Although the evidence showed some intoxication on the part of all concerned, it also demonstrated that the defendant could still hear and understand what was being said to him and could respond *(see, People v Egan,* 78 AD2d 34, 36). Moreover, the nature of this statement, had the defendant been surprised or appalled by it, or had no knowledge of his codefendant's intent to kill others that night, "would properly or naturally call for some action or reply from [those] similarly situated" *(People v Koerner,* 154 NY 355, 374; *see also, People v Rhodes,* 96 AD2d 565, 566). Since he did not reply, the statement was properly admitted as an admission by silence *(see, People v Ferrara,* 199 NY 414, 430; *People v Asselin,* 138 AD2d 934; *People v Lord,* 103 AD2d 1032, 1033; *cf., People v Lourido,* 70 NY2d 428). Therefore, since the defendant's admission by silence makes his codefendant's confession admissible against him, the Confrontation Clause did not bar its admission at their joint trial.

In any event, contrary to the defendant's assertion, any error in the admission of the statement into evidence was harmless. In view of the overwhelming independent evidence of the defendant's participation in the crimes for which he was convicted, there is no reasonable possibility that the jury would have acquitted him but for the admission of the codefendant's statement *(see, People v Di Nicolantonio,* 140 AD2d

44, 51-61 [Spatt, J., concurring in part and dissenting in part], *mod* 74 NY2d 856; *see, People v Harold,* 125 AD2d 491; *People v Rhodes,* 96 AD2d 565, 566-567, *supra).*

We have examined the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.