■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK HOOVER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered July 18, 1986, convicting him of murder in the second degree, criminal possession of a weapon in the second degree (two counts), and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him.

Ordered that the judgment is affirmed.

Initially, the defendant contends that the hearing court erred in denying that branch of his omnibus motion which

was to suppress the statement made by him while he was in custody. We disagree.

At the pretrial hearing, the arresting officer testified that he advised the defendant of his *Miranda* rights *(see, Miranda v Arizona,* 384 US 436), and that the 21-year-old defendant indicated that he understood those rights and that he was willing to answer the officer's questions without an attorney present. The defendant denied his involvement in the crime and asked that he be permitted to speak with his mother, after which, he stated, he would tell the officer about the incident. The defendant was permitted to speak with his mother on the telephone at length, and then the officer spoke with her and asked her to ask the defendant where the gun used in the robbery for which he had been arrested was located. After the defendant again spoke with his mother, she told the officer that the defendant had said that there were two guns involved, but that the defendant did not know where they were. In response to the officer's inquiry, the defendant then confirmed that he had told his mother that there were two guns. The hearing court denied suppression, finding that the defendant's statement was voluntarily made after the *Miranda* warnings had been administered to him.

While we agree with the defendant's contention that upon the police officer's request that the defendant's mother obtain information from the defendant "the private conduct of the mother became 'so pervaded by governmental involvement that it los[t] its character as such and invoke[d] the full panoply of constitutional protections' *(People v Ray,* 65 NY2d 282, 286, *supra)" (People v Miller,* 137 AD2d 626, 629; *cf., People v Jemmott,* 144 AD2d 694), suppression of the statement made by the defendant to his mother is not required since that statement was made voluntarily and after the defendant had waived his rights to counsel and to remain silent *(cf., People v Miller, supra).* Thus, the hearing court properly denied that branch of the defendant's motion which was to suppress the statement in question.

The defendant next contends that reversal is required because the prosecutor, in violation of *Brady v Maryland* (373 US 83), failed until the eve of trial to disclose the identity of an eyewitness who had been unable to identify him in a lineup, at which time it was discovered that the eyewitness was no longer in the country and could not be located. Again, we disagree. At the time that the defendant requested the identity of the eyewitness in question, the People had been trying unsuccessfully to locate that witness for approximately

two months. Additionally, the value of the testimony that the eyewitness might have provided appears to have been minimal. Thus, the defendant has failed to establish a reasonable possibility that the failure to disclose the eyewitness's name as soon as such disclosure was requested contributed to the verdict (see, People v Vilardi, 76 NY2d 67). Accordingly, reversal of the judgment of conviction on this basis is unwarranted.

Also without merit is the defendant's contention that his right to confrontation was violated when an informant was permitted to testify as to the contents of a statement that the codefendant Andrew Jackson, with whom the defendant was jointly tried, made to the informant in the defendant's presence. The statement in question inculpated Jackson and the defendant in the crimes with which they were charged. The Confrontation Clause of the United States Constitution bars the admission at a joint trial of a nontestifying codefendant's statement in which he incriminates the defendant, only if that statement is not directly admissible against the defendant (see, Cruz v New York, 481 US 186). The evidence adduced herein establishes that the codefendant's incriminating statements were made in the defendant's presence, that there was nothing to prevent the defendant from responding to those statements, and that the nature of the statements was such that, had the defendant been surprised by them or had he questioned their accuracy, they would naturally have called for some sort of response from him (see, People v Benanti, 158 AD2d 698; cf., People v Rhodes, 96 AD2d 565). Since the defendant did not respond to his codefendant's statements, they were admissible against him as an admission by silence (see, People v Ferrara, 199 NY 414, 430; People v Benanti, supra; People v Asselin, 138 AD2d 934), and thus the Confrontation Clause did not bar their admission.

The Court of Appeals held on the codefendant Jackson's appeal, that the trial court erred in refusing to charge the jury that the informant witness's testimony should be carefully scrutinized in light of his obvious interest in the case (see, People v Jackson, 74 NY2d 787, 789-790). The Court of Appeals also concluded that the trial court erred in charging the jury that "the informant's criminal past could be considered only insofar as it implicated his general credibility, thereby ruling out consideration of the more specific possibilities of bias and motive to falsify (see, People v Bell, 38 NY2d 116, 123)" (People v Jackson, supra, at 790). However, we are of the view that this error, as it applies to this defendant, was

harmless *(see, People v Crimmins,* 36 NY2d 230, 241-242). Unlike his codefendant, whose right to counsel was violated during the pretrial identification process, the testimony of two eyewitnesses to the incident, which was characterized by the Court of Appeals as the "People's strongest evidence" *(People v Jackson, supra,* at 789), was properly admitted against this defendant, as were the somewhat less reliable identification testimony of the informant and a police officer, the admission the defendant made to his mother, and the defendant's admission by silence, testified to by the informant. Under the circumstances, we conclude that the evidence of the defendant's guilt is overwhelming, and that there is no significant probability that this nonconstitutional error contributed to the jury's verdict *(see, People v Crimmins,* 36 NY2d 230, 243, supra).

We have considered the defendant's remaining contention and find it to be without merit. Thompson, J. P., Brown, Eiber and Miller, JJ., concur.