■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SENNON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered December 15, 1987, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

About one week prior to the incident which resulted in the case at bar, a witness overheard the defendant talking about robbing the candy store in question. An accomplice to the crime, Kevin Logan, testified that the defendant communicated with him on several occasions during the night of the crime concerning the right time to rob the store. Other witnesses testified that the defendant remained outside the building to watch for the police. The jury was made aware of Logan's use and sale of so-called "crack cocaine", as well as his agreement with the District Attorney which granted him immunity from prosecution. The defendant's own statement and the testimony of a witness on behalf of a codefendant placed the defendant at the scene of the crime.

Resolution of issues of credibility, as well as the weight to be accorded the evidence, are primarily questions to be determined by the jury, which saw and heard the witnesses. Its determination should be accorded great weight and should not be disturbed unless clearly erroneous (see, People v Garafolo, 44 AD2d 86, 88). Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's claim that he was deprived of his right to confrontation by the admission into evidence of an incriminating statement by a nontestifying codefendant is unpreserved for appellate review. Although a codefendant objected to the statement, no objection was forthcoming from this defendant (see, CPL 470.05 [2]; People v McKenna, 151 AD2d 510, revd on other grounds 76 NY2d 59).

In any event, the contention is without merit. Where one codefendant makes an incriminating statement in the presence of another codefendant, and that statement would have called for a response by the second codefendant, the lack of a response constitutes an admission by silence which is admissible against the second codefendant (see, People v Benanti, 158 AD2d 698). In the case at bar, the codefendant's statement was properly held to be admissible against the defendant, who, in response to the codefendant's statement that he did not have to run away because he was only the lookout, merely indicated that nobody had seen him.

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Bracken, J. P., Kunzeman, Eiber and O'Brien, JJ., concur.