■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAWLEIGH THOMPSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered October 24, 1989, convicting him of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and sentencing him to an indeterminate term of seven and one-half years to fifteen years imprisonment, and a definite term of one year imprisonment, respectively, the sentences to run consecutively.

Ordered that the judgment is modified, on the law, by deleting the provision that the term of imprisonment imposed on the conviction of criminal possession of a controlled substance in the seventh degree is to run consecutively to the term imposed for criminal sale of a controlled substance in the third degree, and substituting therefor a provision that those terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant argues that he was deprived of a fair trial by virtue of the People's allegedly improper bolstering of an undercover officer's trial testimony. We disagree. Contrary to the defendant's contentions, the undercover officer's partner, who witnessed portions of the so-called "buy and bust" operation from his nearby vehicle, was permissibly allowed to describe the events which he observed as the transaction unfolded. The defendant's contention with respect to alleged bolstering by two other members of the "buy and bust" team is unpreserved for appellate review, and we decline to exercise our interest of justice jurisdiction to review the contention under the circumstances presented (see, CPL 470.05 [2]; People v Rosario, 160 AD2d 1031; People v Edwards, 159 AD2d 583; People v Adams, 154 AD2d 606).

The defendant was not deprived of a fair trial when the prosecutor was permitted to introduce into evidence on re-

direct the undercover officer's "buy report", which briefly summarized the key events which transpired when the undercover officer approached the defendant and purchased the crack cocaine. The record reveals that on cross-examination the defendant's attorney had introduced selected excerpts from the undercover officer's Grand Jury testimony and questioned him with respect to a "buy report" he had authored in an effort to establish that the undercover officer initiated the transaction. In light of the foregoing, the prosecutor was properly allowed to introduce in reply, portions of the undercover's "buy report" suggesting that it was the defendant who may have propositioned the undercover officer concerning the sale (see, e.g., People v Melendez, 55 NY2d 445; People v Torre, 42 NY2d 1036). To the extent that the prosecutor was permitted to introduce portions of the "buy report" not directly responsive to the material introduced on cross-examination, any such error was harmless under the circumstances presented. We note in this respect that in his opening statement, defense counsel specifically informed the jury that an exchange of crack cocaine had definitely taken place, although he went on to suggest that the defendant had merely acted as the undercover officer's agent in procuring the drugs. Since the allegedly objectionable portion of the buy report merely described the transaction whose occurrence the defendant had already conceded, its introduction into evidence could not have unduly prejudiced him.

Finally, and as the People concede, the trial court misspoke when, during sentencing, it imposed consecutive terms of imprisonment on the defendant's convictions of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree. The record reveals that during sentencing the Trial Justice specifically stated that he intended to impose the same concurrent terms of imprisonment which he had originally imposed prior to the defendant's successful appeal. In light of the foregoing and since the pre-sentence report contained nothing which would have merited the imposition of a different sentence, the judgment must be modified so to provide that all terms of imprisonment are to be served concurrently. Kooper, J. P., Sullivan, Lawrence and Ritter, JJ., concur.