■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DINO ALEXANDER, Appellant.—Judgment, Supreme Court, New York County (Clifford A. Scott, J.), rendered July 19, 1989, convicting defendant, upon a jury verdict, of burglary in the second degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a persistent violent felony offender, to concurrent indeterminate terms of imprisonment of twenty-five years to life on the burglary count and to two to six years on the possession of stolen property count, unanimously reversed, on the law, the judgment is vacated and a new trial is ordered.

On November 18, 1988, the complainant and his employee, Danielo Diaz Perez, left the building where they had been performing plumbing work to go across the street for lunch at the complainant's second floor apartment on West 162nd

Street. As the complainant placed his key in the outside lock, he heard the door being locked from the inside. Believing that someone was inside his apartment, the complainant sent Diaz downstairs to see if anyone was on the fire escape. When Diaz arrived at the door below the fire escape, he saw defendant, who was looking around and who then ran toward Broadway. Diaz yelled "thief" and the crowd of people who had gathered on the street chased after defendant and detained him until the police arrived.

Police Officer William Nolan was driving down 162nd Street with his partner, Police Officer Dennis Byrne, when he saw a crowd of twenty or thirty people following defendant, who ran toward the police car. Over objection of defense counsel, Nolan testified that he was then informed by the crowd that they had seen defendant climb out of a second floor window and run down a fire escape. Nolan grabbed defendant and Byrne searched him, recovering $500 in $20 bills, tied together in rubber bands, from defendant's back pocket.

The complainant returned to his apartment with the police and discovered that the frame of his front door and the lock were broken. Drawers had been pulled out in the apartment and clothes were strewn all over the floor. The complainant stated that jewelry, $500 in $20 bills, which had been bundled in rubber bands and which were hidden in his wife's closet, in addition to $1000 that was kept in a small briefcase in another closet, were missing. The police later discovered the briefcase with the $1000 by the kitchen window, near the fire escape. Nolan added that a fingerprint team was not sent to the complainant's apartment because the police "had screwed up any kind of crime scene that would have been there". The officers and the complainant had gone through the apartment in search of the missing items. He also stated that he did not take a statement from anyone in the crowd because he mistakenly believed that Diaz Perez had seen defendant fleeing from the complainant's apartment.

Defendant's wife testified that she withdrew $575 from her bank account to repair her car and gave the money to her husband the day before he was arrested. She did not recall the denomination of the bills but did remember that the money was not bundled in rubber bands. The record also reveals that defendant and his wife paid $500 in rent on the first day of each month.

Defendant was convicted of burglary in the second degree and criminal possession of stolen property in the fifth degree. On appeal, defendant contends, *inter alia,* that the trial court

committed reversible error by permitting Officer Nolan to testify that the crowd outside the complainant's apartment building told Nolan that they had seen defendant climb out of the second floor window onto the fire escape. Under the circumstances, we agree.

Although the spontaneous declaration exception to the hearsay rule applies to statements made by bystanders as well as participants *(People v Caviness,* 38 NY2d 227), where, as here, there is no proof of the identity of the declarants or of whether they had an "adequate opportunity to observe" the event *(supra,* at 232), it is error to permit such testimony *(People v Matos,* 107 AD2d 823; *and see, People v Rhodes,* 96 AD2d 565). The error was not harmless *(cf., People v Matos, supra; People v Rhodes, supra)* since the only evidence placing defendant directly at the scene of the crime was the crowd's hearsay statement.

We also note that the twenty-five year to life sentence on the burglary count, the maximum permitted by statute, was excessive.

In light of the foregoing, we do not reach defendant's remaining contentions. Concur—Carro, J. P., Rosenberger, Ellerin, Kassal and Rubin, JJ.