■ The People of the State of New York, Respondent, v Franklyn Frias, Also Known as Franklin Frias, Appellant. [673 NYS2d 416] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered October 17, 1995, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 25 years to life, 8⅓ to 25 years, 5 to 15 years and 2⅓ to 7 years, respectively, unanimously affirmed.

The court properly admitted a prosecution witness's testimony under the admission by silence exception to the hearsay

rule. The record supports the conclusion that defendant heard another person's statement accusing him of the crime, understood its implication and remained silent although he was free to answer (*see, People v Koerner*, 154 NY 355, 374; *People v Benanti*, 158 AD2d 698, 699, *lv denied* 76 NY2d 784). Defendant's contention that his silence was due to fear of the person who made the statement is speculative and would only affect the weight of the evidence rather than its admissibility (*People v Ortiz*, 238 AD2d 213, *lv denied* 90 NY2d 942).

Defendant's contentions with respect to the prosecutor's examination of a witness and summation have not been preserved for appellate review. In any event, the claims are without merit since the prosecutor did not improperly "charge" the jury on the law in the course of questioning the witness as to drug transactions or during summation.

Since defendant moved to set aside the verdict pursuant to CPL 330.30 (1), rather than to set aside the judgment of conviction pursuant to CPL 440.10, his contention that he was denied the effective assistance of counsel by his trial attorney's purported conflict of interest is not reviewable on direct appeal inasmuch as it is based on facts dehors the record, concerning which the trial court lacked authority to inquire on a CPL 330.30 (1) motion (*People v Bagarozy*, 182 AD2d 565, *lv denied* 80 NY2d 901). The existing record fails to support defendant's unsubstantiated allegations concerning the purported conflict.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Williams, Mazzarelli and Andrias, JJ.