■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARSEM WILLIAMS, Also Known as DAYQUAN, Appellant. [676 NYS2d 49] —Judgment, Supreme Court, New York County (James Leff, J.), rendered September 7, 1995, convicting defendant, after a jury trial, of two counts of murder in the second degree (intentional and felony murder), and one count each of robbery in the first degree and criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 25 years to life on the murder convictions, to run consecutively to consecutive terms of 12½ to 25 years on the robbery conviction and 7½ to 15 years on the weapon possession conviction, unanimously modified, on the law, to provide that all sentences run concurrently, and otherwise affirmed.

The record establishes that an appropriate nonevidentiary hearing was conducted regarding the search warrant issues raised in defendant's suppression motion and that the suppression sought was properly denied. Since there was no support for defendant's conclusory claim that the search warrant application contained false information, and since the search warrant documents before the court permitted determination

of those issues properly raised, there was no need for testimony by the detective whose affidavit supported the search warrant application regarding the circumstances that led to the discovery of the photographs and documents seized (*see, People v Villanueva*, 161 AD2d 552). Since the warrant authorized examination of the items in question to determine their connection with the victim, the People were not required to prove the applicability of the plain view doctrine.

The court's *Sandoval* ruling constituted an appropriate exercise of discretion (*see, People v Pavao*, 59 NY2d 282, 291-292; *People v Grant*, 210 AD2d 166, *lv denied* 85 NY2d 862).

The prosecutor's disclosure of the "record of judgment of conviction" of a People's witness complied with the applicable statutory provisions, which do not require that the prosecutor order a report from the Division of Criminal Justice Services or any other authority concerning the criminal history of the witness (CPL 240.45 [1]).

The court properly admitted, as evidence of an adopted admission or admission by silence on the part of defendant, the testimony of a People's witness regarding defendant's conversation with an accomplice, during which various admissions inculpating defendant were made by the accomplice. There was adequate evidence that defendant heard and fully comprehended the effect of the statements made by the accomplice regarding the details of the crime; that defendant freely participated in the reported conversation; and that defendant's failure to contradict statements regarding his participation in the crime justified an inference of assent by acquiescence as to the truth thereof (*see, People v Dawson*, 50 NY2d 311, 319-320; *see, also, People v Rhodes*, 96 AD2d 565, *lv denied* 60 NY2d 970).

All sentences must run concurrently, which the People concede with respect to all the weapon charges. All of the offenses were committed through a single act and defendant's possession and use of the pistol to shoot the victim constituted a material element of each crime charged (Penal Law § 70.25 [2]; *People v Laureano*, 87 NY2d 640). We reject the People's argument that the possession of the weapon was a separate act.

We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Tom, Mazzarelli and Saxe, JJ.