■ The People of the State of New York, Respondent, v Christopher Perry, Appellant. [700 NYS2d 107] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered January 12, 1996, convicting defendant, after a jury trial, of attempted murder in the first degree, robbery in the first degree, criminal use of a firearm in the first degree, attempted aggravated assault on a police officer, robbery in the second degree, and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 17 years to life on the attempted murder conviction, 8¹/₃ to 25 years on the first-degree robbery and criminal use of a firearm convictions, and 5 to 15 years on each of the remaining convictions, unanimously modified, on the law, to the extent of vacating the conviction of criminal use of a firearm in the first degree and dismissing that count of the indictment, and otherwise affirmed.

Defendant's claim that his attorney's conduct deprived him of his personal right to testify, and that he received ineffective assistance of counsel in this regard, is procedurally defective in

that it rests in part on matters outside the record, which were not properly cognizable on defendant's motion to set aside the verdict pursuant to CPL 330.30 (1) (*People v Frias*, 250 AD2d 495, *lv denied* 92 NY2d 982). In any event, the existing record, read as a whole, establishes that counsel dissuaded, rather than foreclosed, defendant from testifying. Counsel properly discharged her responsibilities to advise defendant regarding his right to testify, and conveyed her sound opinion that defendant should not testify (*see, Brown v Artuz*, 124 F3d 73, *cert denied* 522 US 1128), and defendant was not prevented by either the court or counsel from exercising his right to testify. In this connection, notwithstanding evidence of some disagreement between defendant and his counsel regarding trial strategy, the record indicates that defendant regularly discussed the proceedings with counsel and there is nothing in the record to suggest that the trial court was obligated to make a *sua sponte* inquiry of defendant as to whether he wished to testify (*see, United States v Ortiz*, 82 F3d 1066, 1071).

The record belies defendant's claim that the court's instructions to the jury regarding the charge of attempted murder in the first degree unfairly marshaled the evidence against defendant. Rather, the charge benefitted defendant by applying the term "a police officer" to one specific officer, rather than to the group of three officers at which defendant shot, despite the fact that the People were not required to link the intent element to a specific officer (*see, People v Fernandez*, 88 NY2d 777, 783). Furthermore, the court did not improperly marshal the evidence or invade the jury's fact-finding function in its instructions regarding the charge of criminal possession of a weapon in the second degree. Rather, the court merely directed the jury's attention, generally, to the testimony relevant to the various elements of the crime. The court's repeated instructions that it had no intention to marshal the evidence; that it had no opinion regarding any aspect of the evidence; and that issues of fact and credibility were solely for the jury's determination, based upon the jurors' recollection of the evidence, assured that the jury would not misinterpret any of the court's instructions as determinative of factual issues (*see, People v Davis*, 58 NY2d 1102, 1104).

Defendant was not prejudiced by the timing of the People's disclosure of a statement by a potential prosecution witness. The statement was disclosed prior to trial and thus the disclosure was clearly timely under CPL 240.45 (1) (a). We find no violation of *Brady v Maryland* (373 US 83). The People disclosed the potential witness's address and telephone number

during jury selection, as directed by the court upon defense counsel's claim that the witness's statement contained potentially exculpatory information. Although the witness ultimately could not be located by the prosecution or defense, defendant has not shown that earlier disclosure would have resulted in the witness's availability, or that her testimony would have been exculpatory (*see, People v Roberson*, 249 AD2d 148, 150, *lv denied* 92 NY2d 904). Further, the court properly denied defendant's application for admission of the unavailable witness's hearsay statement into evidence. The statement was not inherently reliable.

As correctly conceded by the People, since defendant's conviction of robbery in the first degree was based upon the jury's finding that defendant was armed with a loaded pistol, and since possession of the same pistol sustained defendant's conviction of criminal use of a firearm in the first degree, the criminal use count should be dismissed (*People v Brown,* 67 NY2d 555, 560-561, *cert denied* 479 US 1093).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them on the merits. Concur—Sullivan, J. P., Nardelli, Mazzarelli, Wallach and Friedman, JJ.