THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE MORGAN, Appellant. [706 NYS2d 390] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered October 8, 1997, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, criminal possession of marihuana in the second degree, criminal possession of a weapon in the fourth degree (three counts) and criminally using drug paraphernalia in the second degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years concurrent with five concurrent terms of 1 year, unanimously affirmed.

Defendant's claim that he was denied effective assistance of counsel is procedurally defective and not reviewable on direct

appeal since it is based, in significant part, on allegations of fact dehors the record, which were not cognizable on defendant's post-verdict CPL 330.30 (1) motion (*People v Perry*, 266 AD2d 151). The proper vehicle by which to make such factual claims is a motion pursuant to CPL 440.10. To the extent that the existing record permits review, we find that defendant received effective assistance from the attorneys who represented him before and during trial (*see*, *People v Benevento*, 91 NY2d 708, 713-714). Specifically, although defendant now claims that his attorney should have called certain witnesses at the suppression hearing, there is no reason to believe that this testimony would have affected the result of the hearing.

The court properly denied defendant's motion to dismiss the indictment, made on the ground that the People resubmitted the case to the Grand Jury without complying with a condition imposed by the court's order dismissing the original indictment and authorizing resubmission under CPL 210.20 (4). The court correctly held that the condition it had imposed in its prior order was superfluous and that the new indictment was properly obtained. Concur—Rosenberger, J. P., Williams, Tom, Rubin and Buckley, JJ.