■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTIAN GOMEZ, Also Known as CRISTIAN COSME, Appellant. [801 NYS2d 294]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered March 19, 2003, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of 15 years to life and 6 years to life, respectively, unanimously affirmed.

Since defendant's successful in limine motion did not, under the circumstances presented, address his present claim that a statement attributed to a coconspirator should not have been admitted without a showing of the coconspirator's unavailability,

that claim is unpreserved (*see People v Whalen*, 59 NY2d 273, 280 [1983]; *People v Maisonet*, 300 AD2d 4 [2002], *lv denied* 99 NY2d 617 [2003]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the statement was admissible as background evidence to explain the officer's conduct (*see People v Tosca*, 98 NY2d 660 [2002]). The statement was also admissible under the admission by silence exception to the hearsay rule. The record supports the conclusion that defendant heard and understood the implication of the coconspirator's statement that defendant was part of the drug-selling team, and defendant's failure to contradict the statement justifies an inference of assent or acquiescence as to the truth of the statement (*see People v Williams*, 251 AD2d 266 [1998], *lv denied* 92 NY2d 1040 [1998]; *People v Frias*, 250 AD2d 495, 496 [1998], *lv denied* 92 NY2d 982 [1998]). Concur—Sullivan, J.P., Ellerin, Nardelli and Sweeny, JJ.