■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HABIB F. JOHNSON, Appellant. [808 NYS2d 846]—

Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered July 31, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1], [4]).

Supreme Court properly refused to suppress the weapon discarded by defendant while the police were pursuing him. The testimony at the suppression hearing establishes that the officer who initially approached defendant and requested information from him had an "articulable basis" for doing so (*People v Ocasio*, 85 NY2d 982, 985 [1995]; *see People v Hollman*, 79 NY2d 181, 190 [1992]; *People v De Bour*, 40 NY2d 210, 216-217 [1976]), i.e., the officer's belief that defendant resembled a robbery suspect depicted in a mug shot (*see People v Bethea*, 239 AD2d 510 [1997], *lv denied* 90 NY2d 902 [1997]; *People v Reid*, 173 AD2d 870 [1991], *lv denied* 78 NY2d 972 [1991]). The officer did not exceed the scope of his authority in asking defendant to provide the officer with his name and address (*see generally People v Valerio*, 274 AD2d 950, 951 [2000], *affd* 95 NY2d 924 [2000], *cert denied* 532 US 981 [2001]; *People v Powell*, 89 NY2d 1063, 1064 [1997]; *Ocasio*, 85 NY2d at 985). During the encounter, the officer observed that defendant was wearing "Fat Albert" jeans similar to those worn by the robber. Moreover, the officer recognized the address given by defendant as the address of the robbery suspect. At that point in the encounter, after inviting the officer to accompany him to his nearby residence to obtain his identification papers, defendant fled the scene, providing the officer with the requisite suspicion to justify the pursuit of defendant (*see People v Sierra*, 83 NY2d 928, 930 [1994]). During that pursuit, the officer observed defendant remove a gun from his pocket, warranting defendant's eventual arrest for criminal possession of a weapon (*see People v Leung*, 68 NY2d 734, 737 [1986]). Defendant discarded the gun during the pursuit, warranting its seizure by the police (*see id.* at 736-737).

Contrary to the further contention of defendant, the court did not err in denying his CPL 330.30 motion without conducting a hearing. In support of the motion, defendant failed to raise a "ground appearing in the record which" would warrant reversal or modification of the conviction on appeal as a matter of law (CPL 330.30 [1]). Indeed, defendant's motion was based on allegations of fact dehors the record, and thus "[t]he proper vehicle by which to make such factual claims is a motion pursuant to CPL 440.10" (*People v Morgan*, 271 AD2d 248, 249 [2000], *lv denied* 95 NY2d 855 [2000]; *see People v Frias*, 250 AD2d 495, 496 [1998], *lv denied* 92 NY2d 982 [1998]; *see also People v Knox*, 134 AD2d 704, 704-705 [1987], *lv denied* 70 NY2d 1007 [1988]).

Similarly, the court did not err in determining that defendant was a persistent violent felony offender without conducting a

hearing. Defendant's allegations were insufficient to support the contention that the prior convictions were unconstitutionally obtained (*see People v Shepard*, 268 AD2d 540 [2000], *lv denied* 95 NY2d 804 [2000]; *see also People v Allen*, 4 AD3d 479, 479-480 [2004], *lv denied* 2 NY3d 795 [2004]; *People v Thompson*, 300 AD2d 1032, 1033 [2002], *lv denied* 99 NY2d 620 [2003]).

We have considered defendant's remaining contentions, including the challenge to the severity of the sentence, and conclude that they are without merit. Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Martoche, JJ.