*956 The defendant correctly contends that the hearing court erred in denying his motion to suppress evidence of his refusal to take a breathalyzer test, as the officer administering the test did not advise the defendant that his refusal could be used against him at a trial, proceeding, or hearing resulting from the arrest (see Vehicle and Traffic Law § 1194 [2] [f]; People v Guzman, 247 AD2d 552, 552 [1998]). Moreover, while such error is subject to a harmless error analysis (see People v Guzman, 247 AD2d at 552), the error here was not harmless. Where a nonconstitutional error is involved, the error is harmless where the evidence of the defendant’s guilt is overwhelming and there is no significant probability that the error contributed to the conviction (see People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v Duggins, 1 AD3d 450, 454 [2003], affd 3 NY3d 522 [2004]). The evidence here was not overwhelming, particularly in the absence of the evidence of the defendant’s refusal to submit to a breathalyzer test. Additionally, the People repeatedly relied on the defendant’s refusal to take the breathalyzer test as evidence that he was indeed intoxicated. Under these circumstances, the judgment must be reversed, the defendant’s motion granted, and the matter remitted to the Supreme Court, Kings County, for a new trial. Skelos, J.E, Dickerson, Hall and Roman, JJ., concur.