Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 16, 2010, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Danielson, 9 NY3d 342, 349 [2007]), we find that it was legally sufficient to establish the defendant’s guilt of murder in the second degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that the Supreme Court erred in permitting the admission of certain out-of-court statements by uncalled witnesses is without merit. The evidence presented at the Sirois hearing (see People v Sirois, 92 AD2d 618 [1983]; see also Matter of Holtzman v Hellenbrand, 92 AD2d 405 [1983]), and the inferences that logically flow therefrom, were sufficient to support the Supreme Court’s determination, under the clear and convincing evidence standard, that the defendant’s misconduct caused the witnesses’ unavailability to testify at trial and, thus, the People were properly allowed the use of the out-of-court statements as part of their direct case (see People v Cotto, 92 NY2d 68, 87 [1998]; People v Geraci, 85 NY2d 359, 368-370 [1995]; People v Oge, 287 AD2d 469 [2001]). Contrary to the defendant’s contention, the People were not obligated to prove, by clear and convincing evidence, that the statements themselves were reliable (see People v Cotto, 92 NY2d at 77-78; People v Geraci, 85 NY2d at 368). In any event, the statements were not “so devoid of reliability as to offend due process” (People v Cotto, 92 NY2d at 78).
The Supreme Court erred in declining to give a missing witness charge with respect to the People’s failure to call a purported eyewitness to the shooting. However, at trial, inter *892 alia, two other eyewitnesses testified and identified the defendant as the shooter. The error was harmless, as there was overwhelming evidence of the defendant’s guilt, and no significant probability that the error contributed to the defendant’s conviction (see People v Crimmins, 36 NY2d 230, 237 [1975]; People v Williams, 99 AD3d 955, 956 [2012]; People v Morgan, 228 AD2d 704, 705 [1996]).
The Supreme Court also erred in its instruction to the jury with respect to the jury’s assessment of testimony given by an interested witness. While the Supreme Court properly instructed the jury to scrutinize an interested witness’s testimony to determine whether any benefit he or she received affected the truthfulness of his or her testimony, the Supreme Court erred in deviating from that standard charge by including a further instruction which implicitly limited which benefits the jury could consider in scrutinizing the interested witness’s testimony (see People v Jackson, 74 NY2d 787, 790 [1989]). However, the error was harmless, as there was overwhelming evidence of the defendant’s guilt, and no significant probability that the error contributed to the defendant’s conviction (see People v Crimmins, 36 NY2d at 241-242; People v Williams, 99 AD3d at 956; People v Hoover, 162 AD2d 710, 712 [1990]).
The defendant’s remaining contention is unpreserved for appellate review (see CPL 470.05 [2]) and we decline to review it in the exercise of our interest of justice jurisdiction (cf. People v Little, 215 AD2d 778 [1995]; People v Debroux, 133 AD2d 231 [1987]).
Dickerson, J.P, Chambers, Austin and Sgroi, JJ., concur.