■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY VINING, Appellant. [6 NYS3d 244]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered July 18, 2012, convicting defendant, after a jury trial, of attempted assault in the third degree, assault in the third degree, criminal mischief in the fourth degree, and criminal trespass in the second degree, and sentencing him to an aggregate term of two years, unanimously modified, on the law, to the extent of vacating the attempted assault conviction and dismissing that count of the indictment, and otherwise affirmed.

The court properly exercised its discretion in admitting a phone call placed by defendant to the victim while defendant was incarcerated, in which the victim repeatedly stated that defendant had broken her ribs. The record supports the court's findings that defendant heard and understood the victim's accusation, and that a person in defendant's position would have been expected to answer (*see People v Koerner*, 154 NY 355, 374 [1897]; *People v Frias*, 250 AD2d 495 [1st Dept 1998], *lv denied* 92 NY2d 982 [1998]). Rather than directly addressing the victim's statement, defendant repeatedly attempted to change the subject, such as by asking the victim whether she meant that he posed a "threat" to her. It is not dispositive that defendant asked the victim to repeat herself after the fourth out of five times she stated that he had broken her ribs, since defendant did not otherwise indicate that he was unable to hear or understood her. Although the phone call was recorded by the Department of Correction pursuant to a standard policy made known to all inmates, the rule excluding "silence in the face of police interrogation" (*People v De George*, 73 NY2d 614, 618 [1989]) was not implicated, since defendant's admissions

by silence were made to a civilian. Moreover, the court's thorough limiting instructions also minimized any potential unfair prejudice.

The court should have granted defendant's request to redact the portion of the phone call in which both defendant and the victim referred to the particular sentence they expected defendant to receive in the event of a conviction. However, we find the error to be harmless in light of the court's thorough instructions.

The court's brief response to the jury note provides no basis for reversal where the court immediately repeated its charge on the criminal trespass counts (see People v Simmons, 66 AD3d 292 [1st Dept 2009], affd 15 NY3d 728 [2010]; see also People v Jackson, 38 AD3d 1052, 1054 [3d Dept 2007], lv denied 8 NY3d 986 [2007]).

We find that the court's inquiry about a partial verdict did not have any coercive or prejudicial effect and did not contravene CPL 310.70 (see e.g. People v Brown, 1 AD3d 147 [1st Dept 2003], lv denied 1 NY3d 625 [2004]; People v Mendez, 221 AD2d 162, 163 [1st Dept 1995], lv denied 87 NY2d 923 [1996]).

As the People concede, the attempted third-degree assault count is a lesser included offense of the third-degree assault count. Concur—Gonzalez, P.J., Acosta, Moskowitz, Richter and Feinman, JJ.