The People of the State of New York, Respondent,
against
Luis Lopez, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Lyle E. Frank, J.), rendered September 20, 2016, after a nonjury trial, convicting him of attempted petit larceny and attempted criminal possession of stolen property in the fifth degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Lyle E. Frank, J.), rendered September 20, 2016, affirmed.
The accusatory instrument was not jurisdictionally defective. Allegations that defendant removed two fragrances from a display shelf inside a specified Sephora store, "conceal[ed] the items inside [his] slacks," and "attempt[ed] to leave the store in possession of the property without paying for it" were legally sufficient to charge defendant with petit larceny and criminal possession of stolen property in the fifth degree (see People v Livingston, 150 AD3d 448 [2017], lv denied 29 NY3d 1093 [2017]; see also People v Chkhartishvil, 46 Misc 3d 148[A], 2015 NY Slip Op 50240[U] [App Term, 1st Dept 2015], lv denied 25 NY3d 1070 [2015]). 
Defendant's challenges to the sufficiency and weight of the evidence are unavailing (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence supports the inference that defendant acted with larcenous intent when he secreted the items of merchandise, walked past all the cash registers without paying for them and attempted to exit the store (see People v Olivo, 52 NY2d 309, 318-319 [1981]; People v Houmita, 58 Misc 3d 157[A], 2018 NY Slip Op 50222[U] [App Term, 1st Dept 2018]). A shoplifter need not leave the store to be guilty of larceny (see Olivo, 52 NY2d at 318). 
Defendant's constitutional right to remain silent was not violated when the court allowed the loss prevention officer to testify that defendant did not say "anything" when stopped. The "rule excluding 'silence in the face of police interrogation' was not implicated since defendant's admission[] by silence" was made to a civilian store security agent, not law enforcement (see People v Vining, 126 AD3d 623, 623-624 [2015], affd 28 NY3d 686 [2017] [internal citation omitted]). In any event, any such perceived error was harmless in the context of this nonjury trial and given the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 24, 2018