<partyblock>

The People of the State of New York, Respondent,

against

Antone Portis, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Anthony J. Ferrara, J.), rendered November 15, 2012, after a jury trial, convicting him of assault in the third degree, criminal obstruction of breathing or blood circulation and unlawful imprisonment in the second degree, and imposing sentence.

Per Curiam.

Judgment of conviction (Anthony J. Ferrara, J.), rendered November 15, 2012, affirmed.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The physical injury element of the third-degree assault conviction (see Penal Law  120.00[1], 10.00[9]) was established by evidence that, after defendant pushed the victim into a clothing rack, placed his hands around her neck and squeezed very hard, then pushed her onto her bed, jumped on top of her and hit her on the head, the victim sustained redness on her face and neck, scratches close to her face, and swelling on the side of her face, which felt painful. The jury could have reasonably concluded that defendant's actions caused "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]), even though the victim did not seek medical attention (see People v Guidice, 83 NY2d 630, 636 [1994]; People v Mullings, 105 AD3d 407 [2013], lv denied 21 NY3d 945 [2013]).

The court properly admitted portions of the telephone call made by defendant from Riker's Island to his mother and brother, that was recorded by the Department of Correction (see People v Johnson, 27 NY3d 199, 206 [2016]; People v Dickson, 143 AD3d 494, 495 [2016], lv denied 28 NY3d 1183 [2017]). Defendant's statement during the call "Yeah I choked her," was admissible as an admission (see People v Chico, 90 NY2d 585, 589 [1997]; People v Moore, 118 AD3d 916, 918 [2014], lv denied 24 NY3d 1086 [2014]), notwithstanding his subsequent statement "I didn't choke her, but I like grabbed her to slow her down." The subsequent statement raised an issue as to the weight of the evidence, not as to its admissibility (see People v McKenzie, 161 AD3d 703, 704 [2018]).

The record also supports the conclusion that defendant heard and understood the [*2]implication of his mother's statements during the call regarding what the victim had told her, including that defendant "tried to kill her" and "had her on the bed, you was choking her, you was hitting her." Defendant merely responded "yeah, alright, whatever." Defendant's failure to contradict those statements justifies an inference of assent or acquiescence as to their truth, and the statements are therefore admissible as adoptive admissions (see People v Gomez, 21 AD3d 827, 828 [2005], lv denied 6 NY3d 776 [2006]; People v Williams, 251 AD2d 266, 267 [1998], lv denied 92 NY2d 1040 [1998]).

In any event, even assuming the trial court erred in admitting the challenged evidence, the error was harmless beyond a reasonable doubt in view of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v Suero, 159 AD3d 656 [2018], lv denied 31 NY3d 1122 [2018]), which included the detailed and compelling testimony of the victim; photographs of her face and neck, the broken clothing rack; and the testimony of the victim's two friends and the arresting officer regarding the victim's appearance and comportment after the incident.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: October 22, 2018

<form method="LINK" action="../../slipidx/at_1_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>