OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
That a defendant’s confession was oral while that of his codefendant was written is a factor to be considered in determining whether the Bruton v United States (391 US 123) rule or the People v McNeil (24 NY2d 550) exception (an exception most recently applied by us in People v Berzups [49 NY2d 417]) governs, but by itself is not enough to make the rule rather than the exception apply.
Here not only were defendant’s oral confession and Freeman’s written statement interlocking in all material respects, but also when Freeman’s statement was first read to him defendant stated: "Yes, that is what happened.” Even at a separate trial, therefore, the Freeman statement would have been admissible since the jury could find that he had adopted it as his own. They were, moreover, advised that Freeman’s statement was only "binding” upon him, and therefore, would not have used it with respect to defendant unless they found that he had in fact adopted it as his own.
The prosecutor’s statement in summation that the Freeman confession "implicated” defendant, while unfortunate in its choice of language, was, when considered in context, an attempt to inform the jury how the police learned of defendant’s participation rather than a covert attempt to instruct them on the law. As such, the error if any being isolated, and being substantially offset by the court’s instructions, the statement furnishes no basis for reversal (People v Safian, 46 NY2d 181, 190).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.