THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY ROBINSON, Appellant.

The defendant contends that it was reversible error to admit a coparticipant's hearsay statement implicating him in the burglary and the defendant's nonverbal response thereto.

We agree. While an accused person's nonverbal reaction to an accusation of crime may be admissible under the adoptive admission exception to the hearsay rule (McCormick, Evidence § 270 [3d ed]), here, the People failed to lay the proper foundation for introducing the statement and defendant's demonstrative response on this ground *(see, People v Lourido,* 70 NY2d 428, 433-434). Since the People did not demonstrate that the defendant's affirmative nod was intended by him to express the same proposition as that stated by the coparticipant, the admission of the coparticipant's hearsay statement violated the defendant's constitutional right of confrontation (US Const 6th Amend; NY Const, art I, § 6; *see, People v Sanders,* 56 NY2d 51, *rearg denied* 57 NY2d 674). Furthermore, because the evidence of the defendant's guilt was not overwhelming, this error cannot be deemed harmless beyond a reasonable doubt *(see, Chapman v California,* 386 US 18; *People v Crimmins,* 36 NY2d 230, 237).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Sullivan and Harwood, JJ., concur.