■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BALDASSARA, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that he was deprived of his right of cross-examination guaranteed by the Confrontation Clause of the Sixth Amendment by the People's

use of his nontestifying codefendant's statements containing incriminating references to him at their joint trial *(see, Bruton v United States,* 391 US 123). Two of these statements by codefendant were made in defendant's presence under circumstances where defendant heard and understood what was said and had the opportunity to reply and deny the statements if untrue. Given the circumstances, the two statements by codefendant were admissible in evidence against defendant on the theory that his silence was a tacit admission of the truth of these statements *(see, People v Allen,* 300 NY 222, 225-226; *People v Asselin,* 138 AD2d 934, *lv denied* 72 NY2d 855; *People v Lord,* 103 AD2d 1032, 1033; *People v Egan,* 78 AD2d 34).

Because the remaining statement by codefendant which incriminated defendant was made outside his presence and was not redacted by the court, defendant correctly asserts that its admission was error *(see, Bruton v United States, supra; People v Wheeler,* 62 NY2d 867, 869). We find, however, that the error on this record was harmless. There was overwhelming evidence of defendant's guilt based on his tacit admissions to the truth of codefendant's other inculpatory statements, his identification by the victim and his division of the proceeds of this robbery with codefendant. Further, since this evidence was only a repetition of other admissible statements of codefendant, it would have insufficient prejudicial impact on the " 'minds of [the] average jury' " to require a new trial *(People v Hamlin,* 71 NY2d 750, 758). Because there is no reasonable possibility that the erroneously admitted evidence contributed to defendant's conviction, this error was harmless *(see, People v Crimmins,* 36 NY2d 230, 237; *People v Anderson,* 146 AD2d 638).

Defense counsel and defendant *pro se* further contend that reversal is mandated by inadequacies in the court's jury instruction. Because no objection was made to any of these alleged errors, they are not preserved for our review (CPL 470.05 [2]) and we decline to exercise our discretion in the interest of justice (CPL 470.15 [6]).

We have reviewed the remaining contentions by defense counsel and defendant *pro se* and find them to be without merit. (Appeal from judgment of Niagara County Court, Hannigan, J.—robbery, first degree.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.