(December 22, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CUDDY, Appellant. [620 NYS2d 557] —Peters, J. Appeal

from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered April 12, 1991, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts) and burglary in the first degree.

Rose Swartwood was murdered in August 1988 in her home. During 1989 and early 1990, defendant, who was incarcerated for an unrelated crime, made numerous inculpatory statements regarding the murder to fellow inmates. After his indictment, the People notified him of the contents of his alleged statements. Hence, as part of his omnibus discovery motion, he demanded disclosure of the names, identification numbers and locations of each inmate to whom he had allegedly made such statements. The People opposed the request and County Court denied defendant's motion. Defendant thereafter moved to suppress the statements and subsequent to a *Huntley* hearing, County Court found all but one admissible. County Court further held a *Sandoval* hearing after which it determined that in the event defendant testified, the People could inquire into four of his prior convictions, including a 1989 conviction for sexual abuse for which defendant was incarcerated when he made the inculpatory statements.

We reject defendant's first contention that County Court's refusal to permit the disclosure of identifying information concerning the inmates prior to the *Huntley* hearing undermined his attorney's ability to cross-examine those witnesses. Defendant failed to show a material need for said information and therefore County Court appropriately exercised its discretion *(see, People v Coleman,* 178 AD2d 842, *revd on other grounds* 81 NY2d 826; *People v Miller,* 106 AD2d 787).

We similarly reject defendant's contention that County Court abused its discretion by denying his *Sandoval* motion to suppress the conviction for sexual abuse in light of the "sexual overtones" surrounding the murder of Swartwood. We find that County Court properly balanced all competing factors *(see, People v Ashley,* 145 AD2d 782), acknowledging that similarity of a prior conviction to the crime charged does not necessarily preclude inquiry into that conviction *(see, People v Pavao,* 59 NY2d 282).

We further find that County Court properly denied defendant's motion to set aside the verdict pursuant to CPL 330.30 since defendant's proffer of "newly discovered evidence" fails to comply with the prerequisites set forth in *People v Salemi* (309 NY 208, *cert denied* 350 US 950).

As to the challenge to County Court's determination permitting Roger Crawley to testify as a prosecution witness regarding a conversation overheard between defendant and a codefendant on the night of the murder, we find no error. Such testimony was properly admissible since the statement was " 'fully known and fully understood' " by defendant at the time that it was made (*People v Allen*, 300 NY 222, 225, quoting *People v Koerner*, 154 NY 355, 374; *see, People v Benanti*, 158 AD2d 698, *lv denied* 76 NY2d 731, 784; *People v Baldassara*, 151 AD2d 1004, *lv denied* 74 NY2d 845).

We have considered the remainder of defendant's contentions, including those raised in the *pro se* supplemental brief, and find them to be without merit.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the judgment is affirmed.