■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL OQUENDO, Appellant. [649 NYS2d 495] —Mikoll, J. Appeal from a judgment of the County Court of Schenectady County (Reilly, Jr., J.), rendered April 25, 1994, upon a verdict convicting defendant of the crimes of robbery in the first degree (two counts), burglary in the first degree (two counts), robbery in the second degree and menacing.

On November 21, 1992 at approximately 8:00 P.M. three men, with faces covered, broke into the home of Lisa Santiago in the City of Schenectady, Schenectady County. Present in the home were Santiago, her three children and her friends Nelson Medina and Jovino Valenzuela. The intruders, carrying guns, forced the occupants to lie on the floor, covered their faces with blankets and took jewelry, money and other items from the premises. During the robbery, a gun shot was fired after which the three intruders fled.

St. Peter's Hospital reported to the Albany City Police Department that at approximately 10:00 P.M. that same evening, Hector Torres (also known as Augustine Molina) sought medical aid for a gunshot wound in his leg. During the ensuing police investigation, Torres told the police that he, defendant,

and Hector Rodriguez were riding in a van in downtown Albany when Torres got out to make a phone call from a pay phone. Torres claimed that while at the phone, a black male approached him from behind, demanded his money and shot him. Defendant and Rodriguez confirmed Torres' story. The police requested to be shown the location of the pay phone, but the search was discontinued when defendant and Rodriguez led the police to the opposite end of Albany from where the pay phone was located. At some point, the Schenectady Police Department learned from the Albany Police Department that an individual with a gunshot wound had sought aid at St. Peter's Hospital. After further investigation, defendant was arrested by the Schenectady Police Department.

Defendant was charged in an indictment with two counts of robbery in the first degree, two counts of burglary in the first degree, one count of robbery in the second degree, and one count of menacing. Prior to jury selection, a *Ventimiglia* hearing (*see, People v Ventimiglia*, 52 NY2d 350, 362) was held. Subsequently, but prior to the opening statements, the People made two more *Ventimiglia* proffers outside the presence of the jury. The first concerned the admissibility of a remark made by defendant to Torres that "this was the stupidest robbery they'd ever done". The second related to the People's desire to provide testimony by Medina that he and defendant had argued shortly before the robbery and Medina accused defendant of stealing his radio. County Court permitted the People to introduce into evidence the "stupidest robbery" statement, but limited Medina's testimony about the radio to simply relating that there had been a dispute over the possession and ownership of a radio. Further, County Court permitted Medina to testify that Torres had approached him prior to the robbery and requested drugs.

Rodriguez pleaded guilty under a favorable plea agreement and testified at the joint trial of Torres and defendant that he met with Torres and defendant in the Schenectady County Jail library, at which time Torres showed him a written statement that he had given to the police stating that, *inter alia*, Torres had shot himself while playing with a gun at his employer's office in Albany. The statement also indicated that defendant had only driven Torres to the hospital and did not participate in any crime. Rodriguez further testified that he and defendant received a copy of the statement, that he had discussed the story with defendant and defendant told him to go along with it.

The jury found defendant guilty of each count of the indict-

ment and County Court sentenced him as a second violent felony offender to imprisonment for $12^1/_2$ to 25 years on each of the robbery in the first degree convictions, $12^1/_2$ to 25 years for each of the burglary in the first degree convictions, and $7^1/_2$ to 15 years for the robbery in the second degree conviction. Additionally, he was sentenced to three months in jail for the menacing conviction. All sentences were to run concurrently. This appeal ensued.

Defendant claims that his constitutional rights were violated when County Court allowed Torres' written statement into evidence because the prosecution failed to meet its burden of showing that defendant had full knowledge and understanding of the statement at the time it was made. We reject such contention. There is ample proof in the record that defendant not only failed to deny the statement, but that he encouraged Rodriguez to adopt the statement as an alibi (*see, People v Olewine*, 164 AD2d 971; *People v Baldassara*, 151 AD2d 1004, 1005, *lv denied* 74 NY2d 845). Rodriguez testified that defendant was given a copy of the statement and subsequently discussed it with him. The jury could therefore conclude from the evidence that defendant understood the contents of the statement despite defendant's claim that he cannot read the English language.

We also reject defendant's argument that County Court erroneously admitted into evidence three items of evidence, specifically, (1) defendant's "stupidest crime" statement, (2) evidence that defendant had stolen a radio from one of the victims on the day of the robbery, and (3) evidence of Torres' attempt to purchase cocaine from Medina just hours before the robbery without limiting instructions. The People correctly urge that *People v Ventimiglia (supra)* only requires that the prosecutor request a prior ruling outside the presence of the jury prior to its admittance (*see, People v Heath*, 175 AD2d 562, 563). The first statement constituted an admission of guilt and, thus, was properly received into evidence (*see, People v Graves*, 194 AD2d 925, 926, *lv denied* 82 NY2d 719). The evidence regarding the dispute with Medina over the radio and of Torres' attempted drug purchase earlier on the day of the robbery were also properly found admissible as they were each relevant to the issue of defendant's motives (*see, People v Molineux*, 168 NY 264, 293). County Court, although it did not give direct limiting instructions, did instruct the jury in its charge to consider the evidence related to each defendant separately.

Finally, defendant's contention that the prosecutor committed reversible error in remarks he made in summation has not

been preserved for our review by defense objection at trial (*see, People v Spaulding*, 222 AD2d 312, *lv denied* 88 NY2d 942) and we do not find this an appropriate case for the exercise of this Court's discretion to take corrective action in the interest of justice.

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.