(December 31, 1998)

■ The People of the State of New York, Respondent, v Randy S. Campney, Appellant. [684 NYS2d 642] —Crew III, J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered August 13, 1997, upon a verdict convicting defendant of the crime of burglary in the third degree.

On September 13, 1996, defendant and his brother, Burton Campney (hereinafter Campney), were arrested and taken to the State Police barracks for interrogation. Although defendant invoked his right to counsel and refused to submit to interrogation, Campney gave a detailed statement to police in which he described how he and defendant had burglarized a Stewart's convenience store in the Town of Chester, Warren

County, on May 23, 1996. After the statement was reduced to writing and Campney was asked to sign it, he requested the opportunity to speak with defendant, who was located in a different room. As a result, Campney was taken to the room where defendant was located and the two conferred in private for 10 to 15 minutes. When the police officers returned to the room, defendant was holding the written statement. When one of the police officers asked Campney whether he was prepared to sign the statement, he asked defendant what he should do. In response, defendant stated, "You might as well sign it, you already told them all about what happened." Defendant subsequently was indicted for burglary in the third degree for which he was convicted after trial and sentenced as a second felony offender to an indeterminate term of imprisonment of 3½ to 7 years.

On this appeal defendant contends that County Court committed reversible error when it admitted Campney's confession into evidence during the People's case-in-chief as an adoptive admission. We disagree. The rule is well settled that an inculpatory statement made by another, when not denied, "may be admitted against the one accused, as [an] admission [\] but only when the accusation was 'fully known and fully understood' by defendant" (*People v Allen*, 300 NY 222, 225, quoting *People v Koerner*, 154 NY 355, 374; *see, People v Lourido,* 70 NY2d 428; *People v Woodward*, 50 NY2d 922; *People v Oquendo*, 232 AD2d 881, *lv denied* 89 NY2d 927). Defendant contends that inasmuch as no one saw him reading the statement and there was no proof as to the nature and content of the conversation between him and Campney while they were alone, the People failed to demonstrate that he knew of the contents of the statement and comprehended its implications. That argument overlooks the fact that County Court, in determining whether an appropriate foundation had been laid, and indeed the jury, in determining whether defendant adopted Campney's statement, were entitled to draw whatever reasonable inferences flowed from the direct evidence presented (*see generally, People v Hildebrandt*, 308 NY 397, 400; 57 NY Jur 2d, Evidence and Witnesses, § 99, at 286; 29 Am Jur 2d, Evidence, § 165, at 190). Given the fact that Campney requested the opportunity to speak with defendant concerning the statement, that he and defendant were alone in a room for 10 to 15 minutes, that defendant was observed holding the written statement when the police reentered the room, and defendant's statement that Campney might as well sign the statement inasmuch as Campney had already told the police about everything that had happened, the court and the jury could

reasonably infer that the two had discussed the statement, that defendant had read the statement and understood it, and that he adopted its contents as a consequence. We have reviewed defendant's remaining contentions and find them equally without merit.

Cardona, P. J., White and Yesawich Jr., JJ., concur.

Mikoll, J. (dissenting). I respectfully dissent.

Upon defendant's motion challenging the admissibility of the statement by Burton Campney (hereinafter Campney), County Court was required to make an evidentiary ruling thereon, i.e., it was required to determine whether the People had laid a proper foundation for the admission of the statement by proffering sufficient evidence to support a finding that defendant had adopted the statement as his own. While the jury was entitled to ultimately decide whether defendant adopted the statement (*see, People v Woodward*, 50 NY2d 922; *People v Oquendo*, 232 AD2d 881, *lv denied* 89 NY2d 927), I believe that it was incumbent upon the court to make a threshold determination as to the statement's admissibility. By failing to do so and ruling that it was exclusively a jury question, County Court improperly empowered the jury to make a ruling on the admissibility of evidence. I believe this was error requiring reversal of the judgment of conviction.

For the hearsay statement of another to be admissible upon the theory that its contents were adopted by the defendant against whom it is sought to be used, the inquiry is whether "the person affected hears and fully comprehends the effect of the words spoken and when he is at full liberty to make answer thereto, and then only under such circumstances as would justify the inference of assent or acquiescence as to the truth of the statement" (*People v Kennedy*, 164 NY 449, 457; *see, People v Oquendo, supra*, at 883; *People v Rhodes*, 96 AD2d 565, 566, *lv denied* 60 NY2d 970). Thus, it must be shown that defendant (1) fully knew and understood the content of the statement, including the fact that he himself has been implicated therein, (2) had the opportunity to reply, and (3) explicitly or implicitly acknowledged the truth of the statement (*see, People v Lourido*, 70 NY2d 428, 433-434; *People v Williams*, 251 AD2d 266, 267; *People v Robinson*, 140 AD2d 644, *lv denied* 72 NY2d 913).

Applying these principles to the facts herein, I conclude that the evidence was insufficient to establish the necessary predicate for admission of Campney's statement. It is undisputed that the People were unable to show that defendant had read the statement, knew its contents or knew that it implicated

him. Neither officer saw defendant reading the statement or overheard any conversation between the two brothers regarding its contents. The sole basis for the finding that defendant adopted the statement was the fact that he was holding the document and stated to Campney, "You might as well sign it, you already told them all about what happened." Considering the context in which this statement was made, I cannot say that the only inference to be drawn therefrom is that defendant was aware of and acquiesced in the contents of Campney's statement. It is equally plausible that Campney simply told defendant he had confessed to the burglary of the Stewart's convenience store without elaborating on the details or indicating that he had also implicated defendant. On the other hand, defendant's remark could just as readily be interpreted as referring to Campney's earlier cooperation with the police culminating in their arrests that day.

Moreover, considering the totality of the circumstances, defendant's acquiescence in Campney's statement would appear strikingly incongruous with his request for an attorney and his persistent refusal to answer questions during a lengthy period of confinement in the interrogation room. In this regard, I am also not fully convinced that application of the adoption doctrine in these circumstances would not violate defendant's constitutional rights. Having requested an attorney while in custody, defendant's right to counsel indelibly attached (*see*, *People v West*, 81 NY2d 370, 373). While the statement by which it is claimed defendant adopted Campney's statement was not the product of police questioning, its effect upon application of the adoption doctrine is self-incriminatory without defendant having made a knowing or voluntary waiver of his *Miranda* or 6th Amendment rights.

Accordingly, I believe that the judgment of conviction should be reversed and the matter remitted for a new trial.

Ordered that the judgment is affirmed.