OPINION OF THE COURT
Bellacosa, J.
Defendant urges that circumstantial proof is not permissible to allow an inference of assent to or adoption of a third party’s statement. This Court rejects defendant’s argument. Applying standard principles, we conclude that the trial court appropriately permitted the jury to consider whether defendant adopted his accomplice brother’s written statement. The order of the Appellate Division should, therefore, be affirmed.
A Stewart’s convenience store was burglarized on May 23, 1996. Thereafter, in connection with the burglary investigation, defendant Randy Campney and his younger brother, Burton Campney, were arrested and taken to State Police barracks for questioning. Defendant invoked his right to counsel and refused to speak with the officers. He was placed in a room, with one wrist handcuffed to a ring on the wall. Burton was interrogated elsewhere and gave a statement detailing how the two brothers burglarized the store. Burton’s statement was reduced to writing, but before he would sign it, he asked to speak with his brother, defendant-appellant here.
Accommodating Burton’s request, the officers brought him to the room where defendant was being held. The brothers conferred there privately for 10 to 15 minutes. When the investigators returned, they observed defendant holding Burton’s written statement. An officer, addressing himself solely to Burton, asked Burton if he was ready to sign the statement. Burton, in turn, asked his brother what he should do. Defendant — still holding the statement — replied, ‘You might as well sign it, you already told them all about what happened.” After this utterance, defendant handed the paper back to Burton, who thereafter signed it.
Defendant was indicted for burglary in the third degree. He moved to suppress his utterance, made in response to Burton’s question to him. The court denied the suppression motion, ruling that a foundation was laid for admission of the statement. The court also concluded that the statement was a spontaneous response to a question posed by Burton.
At defendant’s trial, one of the officers testified about defendant’s exclamation. Burton’s written statement was also *311 admitted into evidence as an adoptive admission by defendant. Burton, who was indicted for acting in concert with defendant in the burglary and who had already pleaded guilty, was called as a prosecution witness. When he began to testify that he alone had committed the crime, the prosecution was permitted to treat him as a hostile witness and to use his written statement for impeachment. Over defense counsel’s objection, the court also concluded that the prosecution had a good-faith basis for calling Burton as a witness.
Following summations, the court instructed the jury that before it could consider defendant’s utterance as an adoption of Burton’s written statement, it had to find that defendant in fact made the response. The jury was further instructed that it had to satisfy itself beyond a reasonable doubt that defendant, by making the response, adopted Burton’s statement as his own — the document he held in his hand at the very time he made his response. The court concluded these instructions by stating that, only after these two criteria were met, could the jury consider and weigh defendant’s utterance as an adoptive admission of Burton’s statement. The jury convicted defendant of burglary in the third degree and he was sentenced by the court as a second felony offender.
The Appellate Division, with one Justice dissenting, affirmed. The court concluded that the trial court did not err in admitting Burton’s confession into evidence during the People’s casein-chief. The Appellate Division reasoned that County Court (in determining whether an appropriate foundation had been established) and the jury (in determining whether defendant adopted Burton’s statement) were entitled to draw reasonable inferences from the direct evidence presented, including that the brothers had discussed the statement, and that defendant had read it and adopted it as his own. The dissenting Justice granted leave to appeal to this Court. We are persuaded that the rulings at both lower courts are correct.
Generally, an adoptive admission is allowed when a party acknowledges and assents to something “already uttered by another person, which thus becomes effectively the party’s own admission” (4 Wigmore, Evidence § 1069, at 100 [Chadbourn rev] [emphasis in original]). This Court has cautioned that “[a]n individual’s reaction to a[n] * * * accusatory query is inadmissible as evidence of guilt, state of mind or as a demonstrative act unless at the threshold the People demonstrate that the person heard the assertion and comprehended its implications” (People v Lourido, 70 NY2d 428, 433 [emphasis *312 added]). Thus, manifestations made in response or reaction to an accusatory overture, which may be generally inadmissible, may be received into evidence, nevertheless, to establish “a relevant demonstrative response of the affected party” (id.).
The determination whether a threshold foundation has been established for the admissibility of the declaration or manifested act is made by the trial court, in light of “all the facts and circumstances surrounding the incident,” while the “value or effect of this evidence” is weighed by the jury (People v Ferrara, 199 NY 414, 430). That is a key differentiation and demarcation to bear in mind for application of pertinent principles to this case.
In People v Ferrara (supra), the Court considered an accomplice’s declaration that defendant was the person who had committed a part of the crime charged. It held that defendant’s response of shrugging his shoulders was admissible because defendant heard the statement, had knowledge of what was said, and was not prevented from replying to it (People v Ferrara, supra, 199 NY, at 430). These indicia may be met by assaying the circumstances surrounding the defendant’s manifestation and determining whether the act signaled an approval of the statement (see, id.; 2 McCormick, Evidence § 261, at 164 [5th ed 1999] [restrictively defining adoptive admission “to apply to evidence of other conduct of a party manifesting circumstantially the party’s assent to the truth of a statement made by another”] [emphasis added]). Thus, circumstantial evidence may be used, as the dissent acknowledges, to determine the threshold requirement as to whether defendant apprehended the statement and understood its implications.
In the instant case, defendant and his brother were left alone to confer for 10 to 15 minutes, at Burton’s specific request, after he made a full confession of joint criminal responsibility for the crime under investigation. Defendant was observed holding Burton’s unsigned, written statement after the private meeting, when the police officers reentered the room. At the same time, defendant responded to Burton’s request for advice as to whether he, Burton, should sign the statement with, “You might as well sign it, you already told them all about what happened.” Based on these circumstances, we do not agree with the dissent’s conclusion that the People presented insufficient evidence for the jury to infer that defendant read Burton’s statement. The trial court is the proper forum, in any event, to which that factual and inferential weighing responsibility for such matters is assigned in the first *313 instance. That court had enough before it to deduce that defendant had read or been informed of the contents of the statement, understood its implications, and affirmatively adopted the statement as his own. The foundation in this case is, therefore, satisfied, allowing defendant’s utterance, with respect to the brother’s written statement, to be placed before the jury so that the jury might weigh the import, along with its other instructions and responsibilities.
Defendant’s contention that “circumstantial evidence” can never be used to justify admission of the statement finds no support in the authorities or in sound logic. When an adoptive admission involves defendant’s acquiescence by silence, this Court has noted that “[t]here are circumstances in which the declarations of persons made in the presence of an accused are competent; but they are regarded as dangerous and should always be received with caution and should not be admitted unless the evidence clearly brings them within the rule” (People v Conrow, 200 NY 356, 367; see also, People v Koerner, 154 NY 355, 374, quoting Child v Grace, 2 Car & P 193, that “ ‘Really it is most dangerous evidence’ ”; People v Kennedy, 164 NY 449, 456-457; see also, People v Allen, 300 NY 222, 225). “Clear evidence” does not, however, bar circumstantial evidence outright.
The “danger” to which this Court adverted, however, is avoided when, as here, a defendant explicitly manifests an awareness of a statement and acceptance of the import of its contents (cf., People v Woodward, 50 NY2d 922, 923; see also, 2 Wright, Federal Practice and Procedure: Grim 2d § 413, at 497 [statements may be admitted into evidence as adoptive admissions where “defendant understood and unambiguously assented to the statements”]). The cautions articulated in cases involving acquiescence by silence arise from the potential to manufacture evidence, the ambiguity of the inference of a defendant’s silence, and the possibility of admitting a damaging statement on the basis of silence (see, e.g., 2 McCormick, Evidence, op. cit., § 262, at 168). Those dangers are not present here where a verbalized response is involved, not a failure to speak. Thus, we disagree with the dissent’s assertion that the policy rationale of prior cases, involving admissions by silence, bars the admission of the vocalized response in this case. Moreover, we have not overlooked the precedents but have applied them circumspectly. The record in this case contains sufficient circumstantial evidence to support the foundation for a jury to weigh and to attribute knowledge and responsibility for the brother’s statement to defendant.
*314 Defendant alternatively argues that his statement should have been suppressed because it was acquired in violation of his invoked right to counsel. Spontaneous utterances may be received into evidence, despite a request for counsel, upon a showing that “they were in no way the product of an ‘interrogation environment’, the result of ‘express questioning or its functional equivalent’ ” (People v Stoesser, 53 NY2d 648, 650, quoting Rhode Island v Innis, 446 US 291, 300-301; see also, People v Grimaldi, 52 NY2d 611, 617; People v Maerling, 46 NY2d 289, 301-303). Here, defendant yielded his “give-it-up-it’s-all-over” advice in response solely to his brother’s plea for guidance. Defendant’s spontaneous capitulation in these circumstances falls within this Court’s admissible utterance jurisprudence. The argument that the brothers’ activity and conversation somehow violated defendant’s previously invoked right to counsel is without merit.
Defendant’s other contentions have been considered and do not merit explication.
Accordingly, the order of the Appellate Division should be affirmed.