■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW J. MILOT, Appellant. [759 NYS2d 248] —Spain, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered February 8, 2001, upon a verdict convicting defendant of two counts of the crime of burglary in the second degree.

Following a jury trial at which insanity was the sole defense raised (*see* Penal Law § 40.15 [2]), defendant was convicted of two counts of second degree burglary for knowingly entering his neighbors' apartment in the Village of Johnson City, Broome County, on two occasions in early 2000 with intent to commit a crime therein and taking personal property, including a pair of gloves, a backpack, a raincoat, a pair of pants and a set of headphones (*see* Penal Law § 140.25 [2]). One of the neighbors testified to later observing his gloves on a teenager who lived across the street, who testified that defendant had

sold them to him. The neighbor then located and recovered many of his missing items on the porch and inside of the house where defendant resided with the teenager's family. Defendant claimed to have found the items in the garbage, later admitting to the teenager that he had taken them from the neighbors' apartment. Defendant later provided a signed, written statement to police in which he admitted that he and the teenager's younger brother committed the first burglary, taking most of the missing items, and that he committed the second burglary to get the headphones which defendant turned over to police.

Following a suppression hearing, County Court issued a *Huntley* ruling that defendant's statement was admissible, having been preceded by *Miranda* warnings which defendant voluntarily waived. After a *Molineux* colloquy, the court refused defendant's request to redact his admission in the written statement—"I used to do burglaries and I have not done one in three years. In the month of February of [2000] I wanted to see if I still had the touch"—finding it was probative of defendant's motive. The court also made a *Sandoval* ruling permitting inquiry if defendant testified into his five prior convictions from 1995 to 1998, largely excluding the underlying facts, but denied the People's request—apparently under *Molineux*—to introduce defendant's criminal history as part of their case-in-chief.

At trial, defendant presented the testimony of a psychologist who examined him, conducted psychological tests and reviewed his history of physical and mental abuse as a child, including extensive hospitalizations starting at age nine and continuing to his early 20s. He opined that defendant was not criminally responsible for these burglaries because he was, at the time, unable to appreciate the wrongfulness of his conduct (*see* Penal Law § 40.15 [2]). The psychologist concluded that defendant suffered from mental disease, including borderline personality traits, antisocial personality traits and attention deficit hyperactivity disorder, impulsive type. He also concluded that defendant suffered from mental defects in that he had borderline intelligence with an IQ on the low end of average, although he was not mentally retarded. Aside from defendant's history, the most important factor supporting the psychologist's insanity opinion was defendant's clinical responses indicating that he perceived stealing to be wrong only "if it didn't get him what he needed."

In rebuttal, the People called a psychiatrist who, having examined defendant and reviewed his history, "disagreed completely," finding no evidence of "active psychiatric illness," no symptoms compatible with an insanity defense, no indica-

tion of psychosis, hallucinations or delusions and, further, that none of defendant's diagnoses prevented him from knowing the difference between right and wrong. The psychiatrist's interview reflected that, at the time of these burglaries, defendant worked full time where he dealt directly with customers, he was aware that collecting disability benefits while employed was wrong and that stealing was disapproved of by society, he had been off psychotropic drugs for four years and he was not undergoing treatment. Also reflective of defendant's appreciation of the wrongfulness of his conduct was his admission that he wiped off fingerprints in the apartment, telling the victim that he found the stolen items in the garbage and the inconsistencies in his explanations.

Upon his convictions, defendant was sentenced as a second violent felony offender to concurrent determinate prison terms of seven years. He now appeals, assigning error to County Court's refusal to redact his written statement and its ruling allowing a rebuttal inquiry of the medical experts regarding defendant's prior convictions, and he also challenges the length of the sentence. We affirm.

Initially, we are not persuaded by defendant's claim that County Court committed reversible error by refusing his request to redact that portion of his statement to police in which he admitted that he "used to do burglaries [and] * * * wanted to see if [he] still had the touch." This statement constituted both an admission of guilt and proof of defendant's motives to commit these burglaries (*see People v Alvino,* 71 NY2d 233, 241-242 [1987]; *People v Molineux,* 168 NY 264, 293 [1901]; *People v Toland,* 284 AD2d 798, 803-804 [2001], *lv denied* 96 NY2d 942 [2001]; *People v Oquendo,* 232 AD2d 881, 883 [1996], *lv denied* 89 NY2d 927 [1996]). Although essentially admitting the charged burglaries, defendant raised the insanity defense and, thus, his stated motive and subjective mental state were material (*see People v Bolarinwa,* 258 AD2d 827, 829-830 [1999], *lv denied* 93 NY2d 1014 [1999]; *People v Lombard,* 258 AD2d 476, 477 [1999], *lv denied* 93 NY2d 973 [1999]; *People v Oquendo, supra* at 883). Also, while the court should have expressly recited its discretionary balancing of the probative value and need for this evidence against the potential prejudice (*see People v Alvino, supra* at 242; *People v Ely,* 68 NY2d 520, 529 [1986]), viewed in the context of the combined suppression hearings and defense counsel's opposition based on its prejudicial effect, the court's proper exercise of its discretion is implicit (*cf. People v Chaney,* 298 AD2d 617, 618-619 [2002]). No limiting instruction was requested and, in view of the

extensive expert testimony concerning defendant's sanity, the only disputed issue at trial, any error in admitting this statement was indeed harmless (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]).

Next, defendant makes the related claim, which we also reject, that County Court erred by allowing the People, in rebuttal at trial, to cross-examine defendant's psychologist and directly examine their own psychiatric expert regarding their knowledge of defendant's prior guilty pleas and convictions for attempted burglary, grand and petit larceny, and possession of burglary tools. Having interposed insanity as an affirmative defense and rebutted the presumption of sanity by presenting expert testimony that he lacked the capacity to know or appreciate that the charged burglaries were wrong, defendant necessarily put in issue relevant aspects of his character, personal history and mental condition—requiring the People to prove him sane beyond a reasonable doubt—and cannot complain that the People introduced evidence in rebuttal on the issue of his mental state (*see People v Kohl,* 72 NY2d 191 [1988]; *People v Santarelli,* 49 NY2d 241, 248-249 [1980]; *People v Cilberg,* 255 AD2d 698, 700 [1998], *lv denied* 93 NY2d 968 [1999]; *People v Ryklin,* 150 AD2d 509, 510-511 [1989], *lv denied* 74 NY2d 746 [1989]; *see also* Penal Law § 25.00 [2]). The People properly limited their inquiry to exploring the experts' awareness of defendant's prior guilty plea allocutions—in which he acknowledged guilt for theft-related offenses—convictions and sentences and the extent, if any, to which the experts' opinions were based upon or influenced by defendant's criminal history, evidence which had a tendency to disprove defendant's claim that he was unable to appreciate the wrongfulness of the charged burglaries (*see People v Santarelli, supra* at 249; *People v Ryklin, supra* at 510-511; *see also People v Chase,* 85 NY2d 493, 502 [1995]). Further, the jury was properly instructed as to the limited purpose—i.e., the question of defendant's sanity—for which the evidence was received (*see People v Santarelli, supra* at 254; *cf. People v Williams,* 50 NY2d 996, 998 [1980]; 1 CJI[NY] 12.20, at 708-709), and its prejudicial effect did not outweigh its directly probative value on this material issue (*see People v Santarelli, supra* at 247-248; *People v Allweiss,* 48 NY2d 40, 47 [1979]; *People v Vails,* 43 NY2d 364, 368 [1977]).

Finally, the concurrent seven-year determinate sentences represent the mandatory minimum sentence for these second violent felony offenses, undermining any claim that they are harsh and excessive (*see* CPL 470.15 [6]; 470.20 [6]). Defendant's remaining claims also lack merit.

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.