■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN F. MACDONALD, Appellant. [978 NYS2d 373]—

Lahtinen, J.

Defendant allegedly broke into a next-door apartment while the two people who resided there were out and stole about 35 of their movie DVDs, which he then sold to a pawn shop for less than $20. He later made an inculpatory statement to the victims at a time when one victim was wearing a recording device that had been provided by police. He was indicted on charges of burglary in the second degree, criminal mischief in the fourth degree and petit larceny. He waived his right to a jury trial and, following a bench trial, defendant was found guilty of all charges. County Court sentenced him on the burglary conviction, as a second violent felony offender, to a prison term of seven years with five years of postrelease supervision. The other convictions resulted in one-year jail terms, with all sentences to run concurrently. Defendant appeals.

The verdict was not against the weight of the evidence. Where, as here, a different verdict would not have been unreasonable, we "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative

strength of conflicting inferences that may be drawn from the testimony" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [internal quotation marks and citations omitted]; *see People v Romero*, 7 NY3d 633, 643 [2006]; *People v Fernandez*, 106 AD3d 1281, 1282 [2013]). "Great deference is accorded to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Romero*, 7 NY3d at 644 [internal quotation marks and citations omitted]; *see People v Race*, 78 AD3d 1217, 1219-1220 [2010], *lv denied* 16 NY3d 835 [2011]; *People v Mitchell*, 55 AD3d 1048, 1051 [2008], *lv denied* 12 NY3d 856 [2009]).

Proof at trial included testimony that defendant had visited the victims' apartment earlier in the day, he knew that they were going to be out much of the day, and the victims noticed that DVDs were missing upon returning. Defendant was confronted by one victim, and defendant eventually assured him that "it won't happen again" and told him where he had sold the DVDs. That victim convinced defendant to apologize to the other victim and, with police assistance, the apology was surreptitiously recorded. An acquaintance of defendant testified that defendant had asked her to take him to a pawn shop to sell some DVDs and admitted to her that he had stolen the movies from a neighbor. Defendant testified, denying that he stole the DVDs and claiming that one of the victims had given him the DVDs to sell without the other victim's knowledge so they could split the money. Defendant related that this individual became upset at the small amount of money he received for the DVDs and, thereafter, defendant agreed to apologize to the other victim simply in an effort to keep peace with his neighbors. Conflicting proof was presented and the trier of fact did not credit defendant's version of events. Upon weighing and considering the proof in the record, and deferring to the fact-finder's credibility determination, we find that the verdict was supported by the weight of the evidence.

Next, defendant contends that County Court's questioning of one witness impermissibly bolstered the People's case. The issue was not preserved for review (*see People v Hatchcock*, 96 AD3d 1082, 1085 [2012], *lv denied* 19 NY3d 997 [2012]) and, in any event, lacks merit. The two brief questions asked by the court in this nonjury trial served to clarify testimony that had just been given and did not deprive defendant of a fair trial (*see People v Robinson*, 67 AD3d 1042, 1045 [2009], *lv denied* 13 NY3d 910 [2009]; *see generally People v Arnold*, 98 NY2d 63, 67-68 [2002]).

Defendant, who has an extensive criminal record, received

the mandatory minimum prison sentence, as a second violent felony offender, on the burglary conviction. There is no merit to his argument that his sentence is harsh and excessive (*see People v Iadicicco*, 100 AD3d 1147, 1147 [2012]; *People v Milot*, 305 AD2d 729, 732 [2003], *lv denied* 100 NY2d 585 [2003]).

Peters, P.J., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.