The People of the State of New York, Respondent, v Marcellus Johnson, Appellant. [992 NYS2d 884]—

Judgment, Supreme Court, New York County (Patricia Nunez, J.), rendered March 22, 2012, as amended March 29, 2012, convicting defendant, after a jury trial, of robbery in the third degree (two counts), grand larceny in the fourth degree (three

counts) and criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 3½ to 7 years, unanimously affirmed.

We reject defendant's argument that his convictions on counts relating to his taking of the victim's wallet and phone were against the weight of the evidence with respect to the element of larcenous intent. The evidence supports the conclusion that, at the time of the taking, defendant intended to permanently deprive the victim of those items, even though defendant then discarded those items, apparently to divert the victim as defendant escaped with the victim's debit card (*see e.g. People v Jacobs*, 52 AD3d 432 [1st Dept 2008], *lv denied* 11 NY3d 833 [2008]).

The court properly admitted portions of telephone calls made by defendant from Rikers Island that were routinely recorded by the Department of Correction. These calls were clearly admissible, notwithstanding that defendant's right to counsel had attached (*see Kuhlmann v Wilson*, 477 US 436, 459 [1986]; *Maine v Moulton*, 474 US 159, 176 [1985]; *see also People v Campney*, 94 NY2d 307 [1999]; *People v Harris*, 57 NY2d 335, 342 [1982], *cert denied* 460 US 1047 [1983]). We have considered and rejected defendant's remaining claims regarding the recorded calls. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Manzanet-Daniels and Clark, JJ.