THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BROOKS, Appellant. [998 NYS2d 44]—

Judgment, Supreme Court, Bronx County (Joseph J. Dawson, J.), rendered July 13, 2011, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 22 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9

NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its resolution of inconsistencies in the testimony of the main witness. The jury was entitled to disregard any portions of this witness's testimony it found to be untruthful and accept the portions it found to be truthful and accurate. Furthermore, this witness's testimony was corroborated by evidence that the jury could have reasonably found to have evinced defendant's consciousness of guilt.

Defendant was not deprived of his right to exculpatory or impeachment material under *Brady v Maryland* (373 US 83 [1963]) when, after an in camera inspection, the court declined to compel the People to disclose a police report of a person who did not witness the homicide. Although defendant now asserts that there were discrepancies between this person's account of events surrounding the homicide and the account given by the People's main witness, these discrepancies had little or no exculpatory or impeachment value. Accordingly, defendant was not prejudiced by the court's ruling (*see People v Garrett*, 23 NY3d 878, 885 [2014]).

The court properly admitted a recording of a telephone call made by defendant while incarcerated. There was no violation of defendant's right to counsel (*see People v Johnson*, 120 AD3d 1154 [1st Dept 2014], and cases cited therein), and we reject defendant's remaining challenges to this evidence.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Sweeny, DeGrasse, Feinman and Gische, JJ.