People v King (2019 NY Slip Op 03813)





People v King


2019 NY Slip Op 03813


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2016-03344
 (Ind. No. 9368/12)

[*1]The People of the State of New York, respondent,
v
Breeze King, appellant.


Paul Skip Laisure, New York, NY (De Nice Powell of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Diane R. Eisner, and Rhea A. Grob of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guy James Mangano, Jr., J.) rendered February 26, 2016, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and sentencing him to a term of imprisonment of 25 years to life on the conviction of murder in the second degree, to run consecutively to concurrent terms of imprisonment of 5 years imposed upon each conviction of criminal possession of a weapon in the second degree.
ORDERED that the judgment is modified, on the law, by providing that the sentences imposed upon each conviction of criminal possession of a weapon in the second degree shall run concurrently with the sentence imposed upon the conviction of murder in the second degree; as so modified, the judgment is affirmed.
The defendant was convicted, after a jury trial, of murder in the second degree and two counts of criminal possession of a weapon in the second degree in connection with the shooting death of an innocent bystander who was sitting outside of a barbershop. The defendant had been firing shots at his intended target when one of the bullets struck the victim.
The defendant contends that the Supreme Court should not have permitted the People to introduce into evidence, as an adoptive admission of guilt, a recording of a telephone call that he made to his mother while he was incarcerated at Rikers Island Correctional Facility. We agree. "Generally, an adoptive admission is allowed when a party acknowledges and assents to something already uttered by another person, which thus becomes effectively the party's own admission" (People v Campney, 94 NY2d 307, 311 [internal quotation marks omitted]; see People v Vining, 28 NY3d 686, 690). Here, the People failed to establish that the defendant assented to the statements uttered by his mother during the telephone call (see People v Robinson, 140 AD2d 644, 645; cf. People v Garcia, 165 AD3d 976, 977). However, the error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his conviction (see People v Crimmins, 36 NY2d 230, 240-241).
Contrary to the defendant's contention, he was not deprived of the effective assistance [*2]of counsel under the New York Constitution since, viewing defense counsel's performance in totality, counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147). Moreover, the defendant was not deprived of the effective assistance of counsel under the Federal Constitution (see Strickland v Washington, 466 US 668).
We agree with the defendant that the sentences imposed upon his convictions of criminal possession of a weapon in the second degree should not run consecutively to the sentence imposed upon his conviction of murder in the second degree. The evidence adduced at trial failed to establish that the defendant possessed the gun for an unlawful purpose unrelated to shooting at the intended victim, resulting in the death of the victim (see Penal Law § 265.03[1][b]; People v Wright, 19 NY3d 359, 365; People v Hamilton, 4 NY3d 654, 658-659), or that his possession of a gun was separate and distinct from his shooting of the victim (see Penal Law § 265.03[3]; People v Ross, 164 AD3d 528, 529; People v Harris, 115 AD3d 761, 762-763). Accordingly, the terms of imprisonment imposed upon the defendant's convictions of criminal possession of a weapon in the second degree should run concurrently with the sentence imposed upon his conviction of murder in the second degree.
The sentence imposed, as modified, was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions either are without merit or constitute harmless error.
RIVERA, J.P., DILLON, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court