People v Cannon (2021 NY Slip Op 06966)





People v Cannon


2021 NY Slip Op 06966


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Kern, J.P., Kennedy, Scarpulla, Mendez, Shulman, JJ. 


Ind. No. 1885/15 Appeal No. 14825 Case No. 2019-3918 

[*1]The People of the State of New York, Respondent,
v
Joseph Cannon, Defendant-Appellant.


Caprice R. Jenerson, Office of The Appellate Defender, New York (Victorien Wu of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered January 8, 2019, convicting defendant, after a jury trial, of grand larceny in the fourth degree and resisting arrest, and sentencing him to an aggregate term of one to three years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that the sentence be served concurrently with all of defendant's sentences that were imposed on February 1, 2018 in Bronx County, and otherwise affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence, including a surveillance video, supports the conclusion that when defendant took a train conductor's radio during an altercation, defendant's intent at the time of the taking was to permanently "deprive" (see Penal Law § 155.00 [3]) the conductor of the radio, notwithstanding that defendant relinquished the radio after struggling for several minutes (see People v Peterson, 193 AD3d 431 [1st Dept 2021], lv denied 37 NY3d 959 [2021]; People v Johnson, 120 AD3d 1154 [1st Dept 2014], affd 27 NY3d 199 [2016]; People v Kirnon, 39 AD2d 666, 667 [1972], affd 31 NY2d 877 [1972]). The evidence also supports the conclusion that defendant knew that he was being arrested, and deliberately resisted arrest.
We find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021