People v Billips (2026 NY Slip Op 01921)

People v Billips

2026 NY Slip Op 01921

Decided on March 31, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 31, 2026

Before: Moulton, J.P., Kennedy, Rodriguez, Michael, Chan, JJ. 

Ind. No. 4658/17|Appeal No. 6247|Case No. 2019-5242|

[*1]The People of the State of New York, Respondent,
vAlkim Billips, Defendant-Appellant.

The Legal Aid Society, New York (Hannah Gladstein of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Faith DiTrolio of counsel), for respondent.

Judgment, Supreme Court, New York County (Daniel Conviser, J.), rendered April 9, 2019, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26, 30-31 [2024]), as the evidence demonstrated defendant's intent to permanently deprive the victim of his property. Defendant's conduct of punching the victim in the face and then immediately picking up a package the victim dropped supported the inference that, at the time of the robbery, defendant intended to permanently deprive the victim of his property (see Penal Law § 155.00[3]; People v Ramos, 162 AD3d 453, 454 [1st Dept 2018]). This is true here notwithstanding that defendant discarded the property shortly after and returned to the scene to deny his culpability (see People v Banchs, 129 AD3d 466, 466 [1st Dept 2015], lv denied 26 NY3d 965 [2015]; People v Johnson, 120 AD3d 1154, 1155 [1st Dept 2014], affd 27 NY3d 199 [2016]).
Defendant's contention that the court erred by declining to read his proposed jury instruction, which he argues would have clearly distinguished between the intent to permanently versus temporarily deprive the victim of property, is unavailing. The court provided an instruction that closely tracked the CJI (see People v Lewis, 5 NY3d 546, 551 [2005]) and defined larceny with reference to the definitions of "deprive" and "appropriate" set forth in the Penal Law (see People v Mulosmanaj, 14 AD3d 389, 389-390 [1st Dept 2005], lv denied 4 NY3d 855 [2005]; see also People v Jennings, 69 NY2d 103, 118 [1986]). Viewed in the context of the jury charge as a whole, the court "clearly apprised the jury that robbery required an intent to permanently deprive the victim of property" (Mulosmanaj, 14 AD3d at 389-390).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2026